**UNITED STATES of America,**
**Appellee,**

v.

**Carmine SAGLIMBENE, Appellant.**

**No. 162, Docket 71–1652.**

United States Court of Appeals,
Second Circuit.

Submitted Nov. 13, 1972.

Decided Dec. 26, 1972.

Lawrence K. Feitell, New York City, for appellant.

Lawrence S. Feld, Robert P. Walton, Asst. U. S. Attys., Whitney North Seymour, U. S. Atty., New York City, for appellee.

Before MOORE, HAYS and FEINBERG, Circuit Judges.

HAYS, Circuit Judge:

Carmine Saglimbene was convicted on April 26, 1971, in the United States District Court for the Southern District of New York after a one day trial before Judge Lloyd F. MacMahon and a jury, for conspiracy to violate the federal narcotics laws and for one substantive violation of the narcotics laws. 21 U.S.C. §§ 173–4. This court affirmed the conviction of Saglimbene from the bench without opinion. On June 26, 1972, the United States Supreme Court, 408 U.S. 916, 92 S.Ct. 2488, 33 L.Ed.2d 328 granted the defendant's petition for certiorari, vacated the judgment, and remanded the case to this court for further consideration of the issue of defendant's right to a speedy trial in light of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 3 L.Ed. 2d 101 (1972).

An indictment was filed against Saglimbene and co-defendant Piparo on March 22, 1965. Saglimbene entered a plea of not guilty on April 29, the day after his arrest on a bench warrant. He was released on bail the same day. The case then followed a normal course and in December, 1966 it was sent to a trial judge but was returned because the judge was unable to reach it.

In April, 1967, the trial court granted a motion of co-defendant Piparo to suppress certain wiretap evidence. The court also granted the government's motion to sever the conspiracy count as to both defendants and to sever Saglimbene's trial from the trial of Piparo on the substantive counts. Then on April 7, 1967, Piparo failed to appear for trial and a bench warrant was issued for his arrest. Piparo has remained a fugitive ever since.

From April, 1967 until January, 1971 the government did not press the prosecution of Saglimbene and the defendant made no effort to speed his trial. On January 11, 1971 the trial judge ordered the case against Saglimbene to be brought to trial. Saglimbene did not appear for trial and a bench warrant was issued for his arrest. Saglimbene surrendered to the authorities two months later, and for the first time requested a speedy trial. The motion was granted and trial was set for March 28, 1971. However, on March 29th, the government requested a continuance because it could not locate an essential witness. The witness was found, and on April 26, 1971 the trial was finally held and Saglimbene was convicted.

I.

In determining whether the defendant's right to a speedy trial has been violated under the test set out by the Supreme Court in Barker v. Wingo, supra, we must consider four factors: length of delay, the reason for delay, the defendant's assertion of the right, and the prejudice to the defendant. In weighing these factors in the instant case, we think it clear that the defendant's right to a speedy trial has not been violated.

As the Supreme Court noted, length of delay acts as a triggering mechanism. Until there is some unusual delay there is no necessity for inquiry into the other factors that go into the balance. Barker v. Wingo, supra at 530. In the instant case six years elapsed between the date of the indictment and the trial. Even if we accept the government's claim that it is not responsible for the first two years of delay, four years remain, a sufficient period to warrant consideration of the other factors in the test set out in *Barker*.

The reason for delay in the instant case is clear. After the trial court granted the motion to suppress certain wiretap evidence, the government moved to sever the defendants and try Piparo separately, thus avoiding any problem as to the wiretap evidence which was admissible against Saglimbene but inadmissible against Piparo, and opening the possibility that Piparo, against whom the government believed it had an overwhelming case, if he were convicted, might be persuaded to testify against Saglimbene. Papiro then fled. This

presented Saglimbene with an attractive course of action. He believed that as long as Piparo was at large the government would not press for his (Saglimbene's) trial. Thus Saglimbene was content to wait and hope that Piparo was never caught.

The reason for delay is closely tied to the third factor which we must consider —defendant's assertion of his right to a speedy trial. In the instant case, acting in his self interest, the defendant did not ask for a speedy trial until March, 1971. The defendant's failure to assert the right is an important factor in the balancing process, as the Supreme Court said:

"We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." Barker v. Wingo, supra at 532, 92 S.Ct. at 2193.

Finally, defendant suffered no special prejudice from the delay in trial. He conceded that the only prejudice he suffered was the adverse psychological effect of being under indictment. This is of course present in every case.

■ Weighing the four factors enunciated by the Supreme Court in *Barker*, we find that the defendant's right to a speedy trial was not violated by the six year delay. While the delay was substantial, it was not without substantial justification, and the defendant, acting in his self interest, did not assert his right for five years and suffered no specific prejudice.

## II.

■ Saglimbene, relying on United States v. Strunk, 467 F.2d 969 (7th Cir. 1972), argues that he is entitled to have his sentence reduced by six years, the period between indictment and trial. This contention is without merit. For relief to be available under the *Strunk* rationale, there must first be a violation of a constitutional right. There is no such violation in the instant case.

Affirmed.