The **UNITED STATES of America**
v.
**Michael A. ALTRO, Jr., et al.,
Defendants.**

**No. 71–CR–669.**

United States District Court,
E. D. New York.

May 2, 1973.

Robert A. Morse, U. S. Atty. Eastern District of New York, for United States of America; George Bashian, Jr., Asst. U. S. Atty., of counsel.

Joseph Domanti, New York City, for defendant Cavallaro.

Nancy Rosner, New York City, for defendant Cozeolino.

David F. Price, Price & Iovine, Brooklyn, N. Y., for defendant Moschitta.

Maurice Brill, New York City, for defendant Soluri.

Ivan Fisher, New York City, for defendant Favaloro.

BARTELS, District Judge.

On March 9, 1973 defendants Salvatore Cavallaro, Peter F. Cozeolino, Pasquale Moschitta, Alfred R. Soluri and James Favaloro moved this Court before Judge Rosling, to whom the case had been assigned for all purposes, for a dismissal of various counts of indictment number 71 CR 669 charging them with hijacking and vehicle theft in violation of 18 U.S.C. § 659, and 18 U.S.C. § 2313 on the ground that they were denied a speedy trial as required by the Second Circuit Rules Regarding Prompt Disposition of Criminal Cases, Rule 48(b) F.R.Cr.P., and the speedy trial clause of the Sixth Amendment. Judge Rosling denied the motion in all respects prior to the commencement of trial on March 19, 1973, but postponed findings of fact, awaiting the conclusion of the trial. Tragically, he took ill after summation but before he had charged the jury, and subsequently died. Pursuant to Rule 25, F.R.Cr.P., the undersigned became familiar with the record, charged the jury, and, after a verdict of guilty against these five defendants on all counts, undertook to render findings of fact and conclusions of law on the motion to dismiss.

Accordingly this Court held an evidentiary hearing on April 24, 1973 in order to adduce such facts as might be necessary to rule on the motion. The government called four witnesses: former Assistant United States Attorney David P. Steinman, Assistant United States Attorneys Edward John Boyd V and Robert L. Clarey, all of whom handled this case at various times, and Harvey Strickon, Judge Rosling's former law clerk. The defendants called no witnesses. The Court makes the following findings of facts and conclusions of law:

Defendant Soluri was arrested on February 25, 1969 and released on his own recognizance. One day later defendants Favaloro, Cozeolino, Moschitta and Cavallaro were arrested and were remanded to custody in lieu of bail which was finally posted on March 7, 1969. A hearing before a United States Magistrate was postponed three times, at least once at the request of defense attorney David Price, but finally a hearing was held on March 28, 1969 before Magistrate Schiffman, who ruled that probable cause existed to believe a crime had been committed by these defendants.

On February 26, 1969 former Assistant United States Attorney Steinman was assigned this case for all purposes by the United States Attorney, Eastern District of New York. He remained in charge of this case until he left the United States Attorney's office in February of 1970. During that period, however, he did not present the case to the Grand Jury because, he testified, he had too many older criminal cases and jail cases with a calendar priority. On March 4, 1970 the case was reassigned to Assistant United States Attorney Edward John Boyd V, who testified that he was subsequently named Deputy Chief of the Criminal Division on June 1, 1970, that he too had a very heavy backlog of older criminal cases and jail cases, that the number of Assistant United States Attorneys actively involved in the trial of criminal cases was then diminished considerably below standard numbers during the transition from Joseph Hoey's tenure as United States Attorney, Eastern District of New York, to Edward R. Neaher's tenure as United States Attorney, indeed, that in February 1969 only five or six Assistants in the Criminal Division were still present and able to try cases, and hence that he, like Steinman,

was unable to present this case to the Grand Jury for indictment. Boyd further testified that additional administrative burdens limited the time he had to devote to the case, and that the case was a very complex hijacking scheme involving many defendants and many separate transactions. At all events, the case had not yet been presented to the Grand Jury when it was reassigned by Boyd to Assistant United States Attorney Robert L. Clarey, on April 19, 1971.

Clarey began working on the case almost immediately and on June 15, 1971 the Grand Jury handed up an indictment. Clarey testified further that the government was ready for trial by June 22, 1971, that he had expended many days preparing the case before presenting it to the Grand Jury, and that that preparation was tantamount to preparation for trial under the facts and circumstances of this case. The Grand Jury clerk calendared the case for arraignment before the miscellaneous judge, then the practice in this courthouse, on July 8, 1971. On that date the defendants entered pleas of not guilty before Judge Mishler. Soon thereafter Judge Rosling was assigned the case for all purposes. The docket entries reveal that on July 16, 1971 defendant Soluri moved both to dismiss the indictment for failure to receive a speedy trial, and to suppress evidence allegedly seized in violation of the Fourth Amendment. On July 22, 1971 the government filed a notice of readiness for trial.

In a Memorandum Decision and Order dated September 24, 1971, Judge Rosling denied Soluri's speedy trial motion, finding no prejudice due to the delay from arrest to indictment. Judge Rosling noted in his opinion that the pre-indictment delay was caused by the resignation of United States Attorney Hoey and a large number of his staff over a comparatively brief period of time, his temporary replacement by Vincent McCarthy without sufficient staff, and finally the subsequent appointment of the Honorable Edward R. Neaher as United States Attorney. On September 24, 1971 Judge Ros-

ling marked the case ready for trial on twenty-four hours notice. The case was calendared again for survey and assignment for trial on January 28, 1972, but was adjourned until February 4, 1972, at which time defendants Carbonaro, Cavallaro, Favaloro, Moschitta and Zarella, all previously represented by Edmund A. Rosner, Esq., were ordered to appear with additional counsel necessary to avoid any conflict of interest. On that date, however, Carbonaro and Cavallaro still had not retained counsel and they were instructed to appear on February 18, 1972 with retained counsel.

Judge Rosling simultaneously set March 20, 1972 as trial date and notified Nancy Rosner, Esq., and David Price, Esq., attorneys for Favaloro and Zarella, and Moschitta respectively, that they had thirty days in which to make pretrial motions. On February 18, 1972 the lack of attorneys for Cavallaro and Carbonaro again caused the case to be adjourned to March 6, 1972, whereupon Joseph Domanti, Esq. appeared as retained counsel. On March 20, 1972 the case was again marked ready for trial on twenty-four hours notice. Unfortunately Judge Rosling was unable to reach this case for trial at that point because of the congestion of his trial calendar with jail cases and older non-jail criminal cases, both of which took a priority on Judge Rosling's calendar. Attached as an appendix to this opinion is a detailed chronology of forty-one cases which Judge Rosling actually tried from September 1971 until the commencement of trial in the instant case on March 19, 1973, indicating the pressure of cases with priorities.

During this period, Assistant United States Attorney Clarey informed Judge Rosling's chambers on June 2, 1972 that defendant Altro was scheduled to plead guilty on June 16, 1972. The date was adjourned until June 23, 1972, at which point Altro apparently changed his mind. On January 23, 1973 the case was again placed on a calendar call by Judge Rosling for February 2, 1973. At that time Nancy Rosner, then counsel for Carmine and Peter Cozeolino, Favaloro and Zar-

ella, failed to appear because she was hospitalized after having given birth to a child. Accordingly, the matter was adjourned to February 9, 1973 and again to February 23, 1973, at which time Mrs. Rosner appeared. The case was adjourned until March 9, 1973 and on that date Judge Rosling scheduled the trial to commence on March 19, 1973. On March 19, 1973 Mrs. Rosner indicated that there may be a conflict of interest in representation, and that therefore Ivan Fisher, Esq. would thereafter represent defendant Favaloro.

Defendants contend that the Sixth Amendment speedy trial clause and the Second Circuit Rules Regarding Prompt Disposition of Criminal Cases have been violated by a delay of over four years from the date of arrest, February 26, 1969, to the commencement of trial, March 19, 1973. The delay, they assert, can be divided into two periods and the blame assessed as follows: (a) the delay from February 26, 1969 until an indictment was handed up by the Grand Jury on June 15, 1971 or until the government filed a notice of readiness for trial on July 22, 1971 is attributable to the United States Attorney; (b) the subsequent delay from July 22, 1971 until March of 1973 is attributable to the Court. Accordingly, in determining the alleged violations of both the Sixth Amendment and the Second Circuit Rules, we shall treat the causes for delay separately, focusing upon the first period and then on the second period.

*Violation of the Sixth Amendment*

██ (a) Defendants claim that their right to a speedy trial, insured by the Sixth Amendment, was violated by an unreasonable lapse of time between arrest and indictment, a period of two years and almost four months. In determining such a claim the Court must consider four factors: length of the delay, reason for the delay, defendant's assertion of his right and the prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Courts will not presume the existence of prejudice from the mere fact of delay alone. United States ex rel. Solomon v. Mancusi, 412 F.2d 88 (2d Cir.), cert. denied, 396 U.S. 936, 90 S.Ct. 269, 24 L.Ed. 2d 236 (1969); United States v. DeMasi, 445 F.2d 251 (2d Cir.), cert. denied, 404 U.S. 882, 92 S.Ct. 211, 30 L.Ed.2d 164 (1971); United States v. Stein, 456 F.2d 844 (2d Cir.), cert. denied, 408 U.S. 922, 92 S.Ct. 2489, 33 L.Ed.2d 333 (1972). Absent a showing of actual prejudice to defendant or purposeful delay by the government, a defendant's only safeguard against possible prejudice from pre-indictment delay is the applicable statute of limitations. United States v. Handel, 464 F.2d 679 (2d Cir.), cert. denied, 409 U.S. 984, 93 S.Ct. 326, 34 L.Ed.2d 249 (1972). Judge Rosling found, in an opinion dated September 24, 1971, that defendant Soluri demonstrated no prejudice due to the delay between arrest and indictment. Again in oral argument before Judge Rosling on March 9, 1973 no showing of actual prejudice was made, even though the Judge addressed counsel's attention to that critical element. Nevertheless, this Court held a full evidentiary hearing on April 24, 1973, having fully apprised defense counsel in advance that they could adduce whatever testimony they deemed relevant at that point. Defendants called no one, and offered not one scintilla of evidence to show any prejudice whatsoever, actual or imaginary, due to the pre-indictment delay. Rather they simply relied on the evidence adduced by the government. See United States v. Ferrara, 458 F.2d 868 (2d Cir.), cert. denied, 408 U.S. 931, 92 S.Ct. 2498, 33 L.Ed.2d 343 (1972). Additionally, defendants have failed to show that such delay was a purposeful device calculated to gain the government a tactical advantage over them. *Id.*, at 875. See also United States v. Stein, *supra*; United States v. Schwartz, 464 F.2d 499 (2d Cir.), cert. denied, 409 U.S. 1009, 93 S.Ct. 443, 34 L.Ed.2d 302 (1972). Indeed the evidence adduced before this Court, at the very most, indicates that the pre-indictment delay was occasioned

by a changing of the guard in the United States Attorney's office, coupled with a rapidly expanding caseload, and an altogether laudable practice of giving a priority to jail cases and older non-jail criminal cases. Accordingly, defendants' claim of a Sixth Amendment violation predicated upon pre-indictment delay must be denied.

■ (b) Defendants' second constitutional claim is that the speedy trial provision was violated by a post-indictment delay of approximately one year and nine months until the commencement of trial. Again defendants have made no showing whatsoever of actual prejudice of any kind during this period of time, or indeed as a result of the cumulative delay of more than four years from arrest to trial. The reason for this delay, as we have noted above, was that Judge Rosling's trial calendar was heavily congested with jail cases and older non-jail criminal cases, both of which took priority.[1] Finally we note that a speedy trial motion was made only by defendant Soluri on July 16, 1971, and it was not until March of 1973 that another speedy trial motion was made, and this time by all of the defendants. We therefore find no Sixth Amendment violation occasioned by the post-indictment delay.

*Violation of the Second Circuit Rules*

■ ■ (a) Defendants' second and principal contention is predicated upon a violation of Rule 4 of the Second Circuit Rules Regarding Prompt Disposition of Criminal Cases.[2] This claim assumes greater importance than the Sixth Amendment claim since these rules, unlike the Constitution, require neither a showing of prejudice nor a prior demand for a speedy trial except before the entry of a plea of guilty or the commencement of the trial. The Second Circuit Rules were promulgated January 5, 1971, to become effective six

months later, July 5, 1971. Rule 4 provides in pertinent part that

"In all cases the government must be ready for trial within six months from the date of the arrest, service of summons, detention, or the filing of a complaint or of a formal charge upon which the defendant is to be tried (other than a sealed indictment), whichever is earliest . . ."

In a statement of the Circuit Council accompanying the rules the Second Circuit noted that the six months delay between the promulgation of the Rules and their effective date was designed to permit the United States Attorney's office sufficient time to determine which cases should be reached for trial and which should be discontinued. Hence, the government was obligated to be ready for trial on all cases older than January 5, 1971 by July 5, 1971 unless the period of time is extended by one or more of the exceptions in Rule 5. Defendants argue that since they were arrested February 25 and 26, 1969, almost two years before the Rules were promulgated, the government was obligated not only to be ready for trial no later than July 5, 1971, but also to indicate that readiness by filing a notice of readiness on or before July 5, 1971. Since the government did not file their notice of readiness for trial until July 22, 1971, seventeen days after the expiration of six months, the defendants contend that the indictment must be dismissed. An examination of the entire record of this case and the evidence adduced at the hearing of April 24, 1973, has convinced this Court that the government was ready for trial by June 22, 1971, within the six months period. We credit the testimony of Assistant United States Attorney Robert L. Clarey that his presentation to the Grand Jury was unusually complete, that he had done extensive investigation into this case prior to the presentation, and that

---

1. An examination of the appendix will reveal the cases to which Judge Rosling gave a preference.

2. These rules have since been supplanted by plans adopted and approved pursuant to Rule 50(b) F.R.Cr.P.

within a few days, a week at most, of June 15, 1971, the government was ready to try the case. The language of Rule 4 simply requires that "the government must be ready for trial," not that the government must indicate its readiness by filing a notice of readiness. Furthermore, nothing we can find in the Statement of the Circuit Council accompanying the Rules mandates the government not merely to be ready, but also to indicate its readiness for trial. At all events, the government has satisfied this Court that it was ready for trial by June 22, 1971.

On the other hand, the Second Circuit seems to have suggested on at least one occasion that the Rules really require the government to file a notice of readiness. United States v. Rollins, 475 F.2d 1108, 1111 (2d Cir. 1973). If indeed that be the unexpressed mandate of Rule 4, then absent some showing of exceptional circumstances pursuant to Rule 5(h), or some other lawful exclusion within Rule 5, the filing of readiness on July 22, 1971 was 17 days too late. We believe, however, that under the facts and circumstances of this case the government still indicated its readiness within the ambit of six months, as demonstrated by the following chronology.

◼ ◼ After the indictment was handed up by the Grand Jury on June 15, 1971, the Grand Jury clerk calendared the arraignment before the miscellaneous Judge—then the general practice in the Eastern District of New York—for July 8, 1971, whereupon the defendants entered pleas of not guilty before Chief Judge Mishler. The case was not assigned to Judge Rosling pursuant to the individual assignment system until after the arraignment. It would, in our opinion, make little if any sense at all to require the government to indicate its readiness for trial before the defendants entered pleas of not guilty, and before the case was assigned to the individual Judge who would subsequently handle it for all purposes. Accordingly, we believe the period from June 15 until July 8, a total of 23 days, falls within Rule 5(h), as a delay "occasioned by exceptional circumstances," and must therefore toll the six months time period on June 15, 1971. In addition, the period from July 16, 1971 until July 22, 1971 must also be subtracted, pursuant to Rule 5(a), as a period of delay while proceedings are pending, occasioned by the filing of pretrial motions by defendants. On July 16 defendant Soluri moved to suppress evidence allegedly seized in violation of the Fourth Amendment, and at the same time to dismiss for lack of speedy trial. Thus, an additional six day period must be excluded from the calculation, bringing the total time excluded to twenty-nine days. By this calculation, we conclude that the government indicated its readiness for trial within the six months period. We therefore deny that part of the defendants' motion which is predicated upon the Second Circuit Rules.

◼ (b) Finally, insofar as defendants urge that the delay between indictment and trial, caused basically by Judge Rosling's calendar congestion, violated the Second Circuit Rules, we note that the terms of the Rules obligate the government, not the Court, to be ready for trial within six months. Further, the Second Circuit has ruled that "the press of other business on the court," constitutes an "exceptional circumstance" within the meaning of Rule 5 (h). United States v. Pollak, 474 F.2d 828, 830 (2d Cir., 1973). And as we noted above, an appendix to this opinion details the chronology of cases actually tried by Judge Rosling from September, 1971 until the commencement of trial in the instant case on March 19, 1973.

For all of the reasons stated above, this Court denies defendants' motion in all respects.

So ordered.

## APPENDIX

Cases Tried by Judge Rosling—September 1971–April 1973.

| Date | Case |
|---|---|
| 9/ 3/71– 9/14/71 | U. S. v. Morrissey, 71 CR 176 JAIL |
| 9/15/71–10/ 5/71 | U. S. v. Altamirano, et al., 71 CR 835 JAIL |
| 10/12/71–11/29/71 | U. S. v. Diapulse, 68 C 391 |
| 11/30/71–12/14/71 | Batts v. Mr. Hanger, 68 C 279, 69 C 245 |
| 12/14/71–12/20/71 | U. S. v. William Brown, 70 CR 271 |
| 12/21/71–12/30/71 | U. S. v. DeBlasi, 70 CR 271 |
| 1/ 3/72– 1/21/72 | U. S. v. Pando, et al., 71 CR 289 |
| 1/25/72– 1/27/72 | U. S. v. Perconti, 70 CR 677 |
| 2/ 1/72– 2/ 4/72 | U. S. v. Diapulse, 68 C 391 |
| 2/ 7/72– 2/ 9/72 | U. S. v. One Carton  .  .  .  35 mm Films, 71 C 1356 |
| 2/16/72– 2/22/72 | Valentino v. Roys, 69 C 988 |
| 2/22/72– 3/ 9/72 | U. S. v. DiNardo, 70 CR 435 |
| 3/ 9/72– 3/22/72 | U. S. v. Boyce & Solimene, 71 CR 1281 JAIL |
| 3/27/72– 4/12/72 | U. S. v. Canieso & Chou, 72 CR 238 JAIL |
| 4/10/72– 4/17/72 | U. S. v. Counts & Elam, 70 CR 857 |
| 4/17/72– 4/25/72 4/25/72– 4/27/72 | U. S. v. Nazzaro, 70 CR 751 |
| 5/ 1/72– 5/ 3/72 | U. S. v. Gadson, 71 CR 1280 |
| 5/ 3/72– 5/16/72 | U. S. v. Guarino, 71 CR 868 |
| 5/16/72– 6/ 7/72 | U. S. v. Aloi, et al., 71 CR 244 |
| 6/ 6/72– 6/14/72 | U. S. v. Brown, 71 CR 775 |
| 6/15/72 | U. S. v. Landau, 72 CR 695 (Juvenile Hearing) |
| 6/16/72 | U. S. v. Bruno, 72 CR 769 (Juvenile Hearing) |
| 6/19/72– 6/20/72 | In re Clayman, 70 C 1006 |
| 6/27/72 | U. S. v. Roche, 71 CR 522 (defendant pleaded guilty at opening of trial) |
| 9/12/72–10/ 3/72 | U. S. v. Friedgood, 69 CR 102 |
| 10/ 3/72–10/10/72 | U. S. v. Armour, et ano., 71 CR 222, 71 CR 1268 |
| 10/10/72–10/13/72 | U. S. v. Leone, 70 CR 637 |
| 10/13/72–10/20/72 | U. S. v. Tartt, 72 CR 679 (Juvenile Hearing) |
| 10/16/72–11/ 1/72 | U. S. v. Ferrada, et ano., 72 CR 940 JAIL |
| 10/31/72–11/ 6/72 | U. S. v. Petrillo, et ano., 69 CR 220 |
| 11/ 6/72–11/24/72 | U. S. v. Lam, et al., 72 CR 852 JAIL |
| 11/21/72–11/28/72 | U. S. v. Caamano-Arce, 72 CR 1141 JAIL |
| 12/ 5/72–12/ 7/72 | U. S. v. Romero, 72 CR 1213 JAIL |
| 12/11/72– 1/15/73 | U. S. v. Trapnell, 72 CR 174 JAIL |
| 1/11/73– 1/19/73 | U. S. v. Kaylor, et al., 72 CR 1210 JAIL |
| 1/24/73– 2/ 7/73 | U. S. v. Correnti, et al., 72 CR 849 |
| 2/ 6/73– 2/14/73 | U. S. v. Gonzales, et ano., 72 CR 838 |
| 2/13/73– 2/22/73 | U. S. v. Constante, 72 CR 847 JAIL |
| 2/26/73– 3/ 6/73 | U. S. v. Heath, 73 CR 116 JAIL |
| 3/ 5/73– 3/14/73 | U. S. v. Kilcullen, 73 CR 10 JAIL |
| 3/15/73, 3/16/73, 3/23/73, 3/30/73 | Potter v. Bucode, 70 C 2 |
| 3/19/73– 4/13/73 | U. S. v. Altro, et al., 71 CR 669 |