The **UNITED STATES**

v.

Leopoldo **GONZALEZ** et al., **Defendants.**

**No. 73 CR 102.**

United States District Court, E. D. New York.

Feb. 19, 1975.

David G. Trager, U. S. Atty. by Lee Adlerstein, Asst. U. S. Atty., Brooklyn, N. Y., for plaintiff.

Robert A. Katz, New York City, of counsel to Gandin & Rappaport, Melville, N.Y., for Leopoldo Gonzalez.

## MEMORANDUM DECISION

PLATT, District Judge.

On December 7, 1972 the defendant Gonzalez was arrested and charged with a violation of the laws of the United States regulating the sale and distribution of narcotic drugs. The following day, December 8, 1972, he was arraigned with his co-defendants, Antonio Ramirez, Marco Martinez and Alberto Morin, before Magistrate Brisach in the Westbury Branch of the United States District Court, Eastern District of New York. Over the objection of the United States Attorney, bail was set at $500.00 cash for Gonzalez, Ramirez and Martinez and $200.00 cash for Morin. On January 4, 1973 defendants Gonzalez and Martinez were indicted on the underlying indictment, 73 CR 4. Gonzalez was arraigned on this indictment before Judge Rosling on January 19, 1973 but co-defendant Martinez failed to appear and a bench warrant was issued.

A superseding indictment, 73 CR 102, was filed on January 26, 1973 against both Gonzalez and Martinez naming the other defendants as well. On February 9, 1973, defendant Gonzalez was arraigned on the superseding indictment with additional bench warrants being issued for the other three defendants who failed to appear.

The government filed a notice of readiness for trial on February 13, 1973.

On January 26, 1973, defendant Gonzalez filed an "omnibus motion" requesting a dismissal of the indictment, discovery and a bill of particulars. At the February 9, 1973 arraignment defendant Gonzalez requested and received permission to renew his "omnibus motion" against the superseding indictment.

Judge Rosling called the case on March 2, 1973 for argument. However, the March 2 date had been adjourned to March 16, 1973 by stipulation between the parties. On that date Judge Rosling reserved decision and adjourned the matter to March 30, 1973 for the court's decision. On March 30 the discovery controversy was resolved and the government requested and was granted a severance for the defendant Gonzalez.

On April 9, 1973 the government responded to the defendant Gonzalez's request for discovery and particulars as to both the underlying and superseding indictments.

Judge Rosling died on April 16, 1973. All of Judge Rosling's cases were reassigned by the Clerk of the Court on a random selection basis with the instant matter apparently being assigned to Judge Travia some time in the Spring of 1973. At no time during Judge Travia's control over the case was it placed on his calendar and no activity is reflected until November 8, 1974 when the case appeared on Judge Platt's calendar after being reassigned upon Judge Travia's resignation from the bench.

For at least nine months of this period of inactivity, Judge Travia was engaged in a protracted criminal trial. However, during this period, November 1973 to July 9, 1974, a number of other matters appeared on Fridays on his calendar for conference.

In December of 1973, Drug Enforcement Agents informed the Assistant United States Attorney, Joan O'Brien, who has been in charge of the case from its inception, that the fugitive defendant Martinez had been apprehended in Mexico and was being detained there for the crime of possession of cocaine. A Department of Justice official could give no estimate to Miss O'Brien as to the likelihood or amount of time necessary to extradite Martinez. A new and more

detailed bench warrant was obtained on December 19, 1973 and extradition proceedings begun on January 22, 1974. At no time was the original February 1973 bench warrant vacated. As of the date of this decision, the defendant Martinez is still in custody in Mexico.

Defendant Gonzalez now moves for an order dismissing the indictment upon the following grounds:

(a) Defendant's right to a speedy trial as guaranteed by the Sixth Amendment of the United States Constitution has been violated and,

(b) That the government has failed to timely prosecute the defendant within the intent and purpose of Rule 4 of the Second Circuit Rules for the Prompt Disposition of Criminal Cases.

## VIOLATION OF THE SIXTH AMENDMENT

■■ In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, the Court must consider and balance four factors: length of delay, reason for delay, defendant's assertion of his right and the prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); United States v. Altro, et al., 358 F.Supp. 1034 (Bartels, J.—EDNY—1973). Courts will not presume the existence of prejudice from the mere fact of delay alone. United States ex rel. Solomon v. Mancusi, 412 F.2d 88 (2d Cir.), cert. denied, 396 U.S. 936, 90 S.Ct. 269, 24 L.Ed.2d 236 (1969); United States v. DeMasi, 445 F.2d 251 (2d Cir.), cert. denied, 404 U.S. 882, 92 S.Ct. 211, 30 L.Ed.2d 164 (1971); United States v. Stein, 456 F.2d 844 (2d Cir.), cert. denied, 408 U.S. 922, 93 S.Ct. 2489, 33 L.Ed.2d 333 (1972).

Defendant's major contention is that the speedy trial provision was violated by a post-indictment delay of approximately 24 months and as a result thereof he has been severely prejudiced for the following reason. During this period co-defendant Martinez disappeared. It is alleged that he would have given exculpatory testimony for defendant Gonzalez.

■■ Here the length of time from arrest to speedy trial motion was approximately 24 months, not too extraordinary. See United States v. Saglimbene, 471 F.2d 16 (2d Cir. 1972), (six years from indictment to trial held not undue). The reason for the delay appears to be neither negligence nor insufficiency on the part of the government, much less a deliberate effort to delay the trial, Barker v. Wingo, supra, 407 U.S. at 531, 92 S.Ct. 2182; United States v. Infanti, 474 F.2d 522 at 527 (2d Cir. 1973). Rather, the trial judge's heavy involvement in other litigation appears to account for a large part of the delay. While a "more neutral reason" like "overcrowded courts" is to be "weighted less heavily", it is nonetheless to be counted "since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." Barker v. Wingo, supra, 407 U.S. at 531, 92 S.Ct. at 2192; United States v. Jones, 154 U.S.App.D.C. 211, 475 F.2d 322, 324 (D.C.—1972). Under such circumstances, however, the delay is not deemed to be "arbitrary, purposeful, oppressive or vexatious." United States v. Jones, supra, p. 324, and cases cited therein. It must therefore be taken for the institutional delay that it really was.

■ The facts fall short of supporting any claim of substantial prejudice to the defendant Gonzalez as a result of the delay. Co-defendant Martinez has been a fugitive since he failed to appear at his arraignment on the underlying indictment (73 CR 4) on January 19, 1973. His unavailability is not the result of the delay but rather the result of an inappropriate bail set by the U.S. Magistrate over the objection of the United States Attorney. The facts also support the contention that the United States Government has attempted to apprehend Mr. Martinez. A bench warrant was issued the first day he failed to appear (January 19, 1973) with two subsequent war-

rants being issued. In addition, his extradition from Mexico has been sought since December of 1973. Finally, the delay could be said to have been to the defendant Gonzalez's advantage. Mr. Martinez has been a fugitive since January 19, 1973 and was not located until December of 1973 with extradition still uncertain to date. Had the defendant Gonzalez been tried in the interim, Mr. Martinez's alleged exculpatory testimony would have been unavailable.

■ Finally, defendant Gonzalez's failure to assert any speedy trial considerations during this period until December 13, 1974, leads this Court to the inescapable conclusion that the accused did not consider the 24 month delay between arrest and motion as a serious deprivation. Barker v. Wingo, *supra*, 407 U.S. at 532, 92 S.Ct. 2182 at 2193; United States v. Jones, 475 F.2d 322 at 324 (D. C.—1973); United States v. Infanti, 474 F.2d 522, 528 (2d Cir. 1973); United States v. Altro, 358 F.Supp. 1034 at 1039 (Bartels, J.—E.D.N.Y.1973). Therefore, no Sixth Amendment violation occurred by the post-indictment delay.

## VIOLATION OF SECOND CIRCUIT RULES

■ Defendant's second contention is predicated upon a violation of Rule 4 of the Second Circuit Rules Regarding Prompt Disposition of Criminal Cases in that the Government was not ready for trial within the requisite six months. This claim, unlike the Sixth Amendment constitutional claim requires neither a showing of prejudice nor a prior demand for a speedy trial except before the entry of a plea of guilty or the commencement of the trial. United States v. Altro, *supra*, at p. 1039.

Rule 4 provides in pertinent part that:

"In all cases the government must be ready for trial within six months from the date of arrest, service of summons, detention, or the filing of a complaint or of a formal charge upon which the defendant is to be tried

(other than a sealed indictment), whichever is earliest. . . ."

■ The relevant date as to this claim is the date of the defendant's arrest, December 7, 1972. The Government filed a notice of readiness for trial on February 13, 1973. However, the defendant contends that this notice was of no effect and as such violated Rule 4 in that an outstanding bill of particulars had not been complied with. The Bill was supplied by the Government on April 9, 1973 which is within the six month limitation. The Second Circuit has held that the six month rule is satisfied, as here, even when the completion of discovery follows the filing of a notice of readiness, as long as discovery has been completed within the six month period. United States v. Strayhorn, 471 F.2d 661, 667 (2d Cir. 1972).

The defendant's reliance upon United States v. Pollak, 474 F.2d 828 (2d Cir. 1973), for the argument that the filing of a notice of readiness prior to completion of discovery proceedings requires dismissal of the indictment is incorrect. The facts in *Pollak* indicate that the trial judge did not afford the defendant an opportunity to show, before trial, that the Government was unready to permit inspection of requested documents. The relief granted in *Pollak* was remand from a conviction and not dismissal of the indictment. Here, the defendant has been given an opportunity to challenge the Government's notice of readiness at a hearing on January 10, 1975.

■ Finally, the delay between indictment and trial, caused basically by Judge Rosling's death and Judge Travia's calendar congestion, does not violate Rule 4 of the Second Circuit Rules. The terms of the Rule require the Government not the Court, to be ready for trial within six months. United States v. Pollak, *supra*, p. 830; United States v. Altro, *supra*, 358 F. Supp. p. 1040.

For all of the reasons stated above, this Court denies defendant's motion in all respects.

So ordered.