**UNITED STATES of America, Appellee,**

v.

**Calvin Louis ANDERSON, Appellant.**

**No. 79–2058.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1980.

Decided May 5, 1980.

B. Michael Korte, Floyd & Roskin, Clayton, Mo., for appellant.

Robert D. Kingsland, U. S. Atty., and Edward L. Dowd, Jr., Asst. U. S. Atty., St. Louis, Mo., on brief for appellee.

---

Before BRIGHT, ROSS and ARNOLD, Circuit Judges.

ROSS, Circuit Judge.

Calvin Louis Anderson appeals his conviction on three counts of knowingly and intentionally distributing heroin in violation of 21 U.S.C. § 841(a)(1).

Appellant raises three issues on appeal: 1) preindictment and post-indictment delay in prosecution; 2) identification of the appellant, and 3) production of the confidential informant. Because we remand this case to the district court [1] for an evidentiary hearing on the issue of post-indictment delay, we will not deal with appellant's other contentions at this time.

On October 5, 1978, appellant was charged by indictment with distribution of heroin on three occasions, January 20, 1978; February 7, 1978; and March 15, 1978. Appellant was arrested approximately one year after the indictment, on October 23, 1979. By pretrial motion appellant moved to dismiss the indictment based on the delay between the alleged heroin sales and his arrest.

The United States Magistrate conducted a hearing on appellant's numerous pretrial motions. The pretrial hearing mainly involved appellant's motion for disclosure of the identity of the confidential informant who was involved in the January 20, 1978 sale. However, at the pretrial hearing defense counsel raised the issue of delay in arrest. The Magistrate noted that he had before him an affidavit of the appellant concerning appellant's availability for arrest and would consider the affidavit. The admissibility of the affidavit as evidence was not ruled on by the Magistrate.

At the pretrial hearing, Detective Craig Franklin of the St. Louis County Police Department testified that he was the person to whom appellant had sold heroin on the three occasions listed in the indictment. Detective Franklin also testified that the Drug Enforcement Administration had made efforts to apprehend the defendant, but on cross-examination, Detective Franklin clearly indicated that he had not been involved in any attempts to arrest the defendant. The record does not contain any additional evidence introduced by the government to establish that there were attempts to apprehend defendant.

The Magistrate's recommendations which were adopted by the district court stated that there had "not been sufficient delay to require dismissal. 18 U.S.C. § 3161." (Speedy Trial Act.) [2]

■■■ Delay in arrest following indictment gives rise to a speedy trial claim under the sixth amendment.[3] As the Supreme Court stated in *United States v. Marion*, 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971):

[I]t is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment.

■■■ The circumstances surrounding a post-indictment delay are examined under the test set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The factors to be considered under *Barker v. Wingo, supra*, include "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530, 92 S.Ct. at 2192. In *Barker v. Wingo, supra*, however, the Supreme Court noted that "none of the four factors identified above [is] either a necessary or sufficient condition to the finding of a deprivation of the right of speedy

---

1. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.

2. The Speedy Trial Act, 18 U.S.C. § 3161, does not mention any time limitation for the period from indictment to arrest.

3. Concerning preindictment delay, the government indicates the delay was due to ongoing investigations. "[D]ue process does not require a dismissal for pre-indictment investigative delay." *United States v. Matlock*, 558 F.2d 1328, 1330 (8th Cir. 1977), *citing United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977).

trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* at 533, 92 S.Ct. at 2193.

Also, this circuit has expressly rejected the necessity of an affirmative showing of prejudice to establish a violation of the sixth amendment right to a speedy trial. *United States v. Washington,* 504 F.2d 346, 348 (8th Cir. 1974), *citing Moore v. Arizona,* 414 U.S. 25, 26, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973).

In *Washington, supra,* 504 F.2d at 348, a 14 month delay in arrest following the indictment served as a "triggering mechanism," *Barker v. Wingo, supra,* 407 U.S. at 530, 92 S.Ct. at 2192, for the sixth amendment inquiry. However, the district court held an evidentiary hearing concerning defendant's claim and the government introduced evidence concerning their attempts to locate defendant. The district court found that defendant's right to a speedy trial under the sixth amendment had not been violated. We affirmed those findings based on the district court crediting the testimony of the police officers. *See also United States v. Weber,* 479 F.2d 331, 332 (8th Cir. 1973) (21 month delay did not violate defendant's right to speedy trial where government shortly after indictment informed court that defendant was a fugitive from justice).

■ In the present case, we have evidence before us concerning the length of delay and appellant's assertion of his right to a speedy trial. However, evidence concerning the reason for the delay and the prejudice the delay may have caused appellant is lacking. Therefore, we retain jurisdiction of the appeal but remand this case to the district court for an evidentiary hearing on the question of whether the delay in arrest following indictment violated appellant's right to a speedy trial under the sixth amendment. We also request the district court specifically to consider the unavailability of witnesses at trial when the question of prejudice is examined. The findings of the district court should be certified to this court for further review.

Remanded for further proceedings consistent with this opinion.