**UNITED STATES of America, Appellee,**

v.

**Calvin Louis ANDERSON, Appellant.**

**No. 79–2058.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1980.

Decided Aug. 12, 1980.

B. Michael Korte, Floyd & Roskin, Clayton, Mo., for appellant.

Robert D. Kingsland, U. S. Atty., and Edward L. Dowd, Jr., Asst. U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before BRIGHT, ROSS and ARNOLD, Circuit Judges.

ROSS, Circuit Judge.

This appeal was initially submitted March 14, 1980, and after a limited remand for the purpose of conducting an evidentiary hearing, we now address the issues raised by appellant.

Calvin Louis Anderson was convicted on three counts of knowingly and intentionally distributing heroin in violation of 21 U.S.C. § 841(a)(1). Appellant raised three issues on appeal: 1) preindictment and post indictment delay in prosecution; 2) identification of the appellant, and 3) production of the confidential informant. In *United States v. Anderson*, 621 F.2d 292 (8th Cir. 1980) we remanded this case to the district court[1] for an evidentiary hearing on the issue of post

indictment delay. The findings of the district court following the evidentiary hearing held on June 17, 1980, have been certified to this court. First, we will review the facts of the case.

October 5, 1978, appellant was charged by indictment with distribution of heroin on three occasions, January 20, 1978; February 7, 1978; and March 15, 1978. Appellant was arrested on October 23, 1979. Numerous pretrial motions were filed including motions to produce the confidential informant and to dismiss the indictment based on delay in prosecution. At the pretrial hearing Detective Craig Franklin of the St. Louis County Police Department testified that the informant had arranged the January 20, 1978 meeting with a deceased codefendant, Richard Fowler. Franklin testified that the actual sale of heroin on January 20, 1978, took place in a motel parking lot. Detective Franklin, Fowler, the confidential informant and another codefendant, Edward Wright, had driven to the parking lot. Detective Franklin identified the defendant, Calvin Anderson, as the person who approached the car to deliver the heroin to Wright and was paid with money supplied by Detective Franklin. Further testimony of Franklin indicated that the confidential informant was not present at the subsequent sales of heroin to Detective Franklin on February 7, 1978, and March 15, 1978, at Fowler's home.

The magistrate conducting the pretrial hearing denied the motion to produce the confidential informant, noting that the informant had only set up the January 20 sale and had not participated in the other sales. Approximately four days before trial the government voluntarily disclosed the identity of the informant but notified defense counsel that the informant could not be located.

Also at pretrial hearing, defense counsel argued that the delay in arrest had prejudiced defendant in that defendant could not recall specific details necessary to prepara-

---

1. The Honorable H. Kenneth Wangelin, Chief Judge, United States District Court for the Eastern District of Missouri.

tion of his defense and certain witnesses had become unavailable. Approximately one year had elapsed between the issuance of the indictment and the arrest of the defendant. Defendant at the hearing submitted an affidavit to the magistrate concerning his availability for arrest during that period of time. In *United States v. Anderson, supra*, we found that defendant had stated a speedy trial claim under the sixth amendment and remanded the case for an evidentiary hearing regarding the post indictment delay.

July 17, 1980, the district court conducted the hearing and made the following findings:

1) The reason for the delay in arrest was that law enforcement officers were unable to locate the defendant despite their diligent efforts.

2) The defendant did not suffer any prejudice due to the delay. The informant would not have been available even if the trial had commenced in May 1978. It is highly unlikely that the informant's testimony would have been helpful to defendant because the informant was only present at the January 20, 1978 sale.

3) Defendant's claim of prejudice based on his inability to remember specific details is refuted by his own testimony, in detail, as to the events which occurred on the three dates in question.

4) Although codefendant Fowler was deceased at time of trial, Fowler would not have been available earlier because he could not be apprehended after diligent efforts by law enforcement officials. Furthermore, defendant claims that Fowler and not himself sold the heroin to Franklin. It is highly unlikely that Fowler would have testified so as to incriminate himself, and there is no evidence to suggest that Fowler would have testified or waived his right against self-incrimination. Also, Fowler's testimony, if given, would have conflicted with the highly credible testimony of Detective Franklin.

Other persons present at the March 15, 1978 sale were available to testify but were not called; specifically Edward Wright and Glen Fowler, Richard Fowler's brother.

5) The delay in arrest was reasonable and the defendant suffered no prejudice due to the unavailability of witnesses.

*Post Indictment Delay*[2]

■ Post indictment delay is examined under the test set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The factors to be considered include "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530, 92 S.Ct. at 2192. In the present case, the length of the delay, one year, and defendant's assertion of his right to a speedy trial were established. The district court considered the reason for delay and the prejudice to the defendant. The testimony of the officers concerning attempts to locate and arrest defendant was found by the district court to be "very believable"; while the defendant's uncorroborated testimony that he was living with four relatives during the year in question was found by the district court to be "totally incredible." Also, the district court found that the delay had not prejudiced defendant because the defendant could recall relevant details of the events in question and the witnesses who were unavailable at time of trial would not have been available even if the trial had commenced a year earlier.

Considering the circumstances surrounding the delay, including the four factors previously mentioned, we hold that there was no violation of defendant's sixth amendment right to a speedy trial.

*Identification of the Defendant*

■ The defendant argues that his identification as the person who delivered heroin on the three occasions in question is tainted.

---

**2.** The issue of preindictment delay was resolved in *United States v. Anderson*, 621 F.2d at 293 n.3 (8th Cir., 1980). We only note that

additional evidence adduced at the evidentiary hearing showed that investigation continued after March 15, 1978.

At trial Detective Franklin identified the defendant as the person who delivered the heroin to the car in which he was seated on January 20, 1978. Detective Franklin also testified that the defendant was the person who came to Fowler's residence on both February 7 and March 15, 1978, and sold heroin to Franklin.

The only "taint" raised by the defendant is that the informant, who was present only at the January 20, 1978 sale, told Detective Franklin that the person who approached the car was "Clifford Anderson."

We agree with the government that the identification of the defendant by Franklin did not involve any suggestive out-of-court identification. Thus, cases such as *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) and *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) which involve suggestive out-of-court identification by photograph or line-up are not relevant.

■ In the absence of a suggested out-of-court identification, the issue is simply whether the evidence introduced to identify defendant was sufficient. Defense counsel's closing argument emphasized that the evidence concerning identification was weak, the jury obviously found otherwise. Furthermore, "[o]n appellate review of the sufficiency of the evidence, the court must view the evidence in the light most favorable to the verdict rendered." *Durns v. United States*, 562 F.2d 542, 545-46 (8th Cir.), *cert. denied*, 434 U.S. 959, 98 S.Ct. 490, 54 L.Ed.2d 319 (1977).

The evidence introduced clearly was sufficient. Detective Franklin identified the defendant based on three separate meetings. Two other officers who were on surveillance during the March 15, 1978 sale also identified the defendant as being present at the Fowler residence. We, therefore, reject defendant's contention that the evidence was insufficient to support the conviction.

*Production of Confidential Informant*

November 23, 1979, the United States Magistrate recommended that the pretrial motion of defendant for the production of the informant be denied. The magistrate found that the informant was only involved in the January 20, 1978 transaction and would not have been of assistance to the defense on the other two transactions. Defendant did not raise an entrapment defense at pretrial hearing or during trial. Defendant, however, argues that the informant was a disinterested witness to the January 20, 1978 transaction and could have thrown doubt on the identification of defendant.

The Supreme Court in *Roviaro v. United States*, 353 U.S. 53, 62, 77 S.Ct. 623, 629, 1 L.Ed.2d 639 (1957) indicated:

We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

■ We note that under *United States v. Barnes*, 486 F.2d 776, 779 (8th Cir. 1973) disclosure of the informant is usually material to the defense where the informant has witnessed the offense. However, we do agree with the magistrate that the materiality of disclosure must be considered "in light of the totality of the charges against the defendant."

■ Here, the identification of the defendant rested on a series of transactions, only one of which was witnessed by the informant. Considering the factors outlined in *Roviaro, supra*, we hold that the district court did not err in denying disclosure of the confidential informant.

The judgment of the district court is affirmed.