409 So.2d 518 (1982)
STATE of Florida, Appellant,
v.
Melvin Burnett BONAMY, Appellee.
No. 81-626.
District Court of Appeal of Florida, Fifth District.
February 10, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellant.
Joseph W. DuRocher, Public Defender, and Glenn Klausman, Asst. Public Defender, Orlando, for appellee.
COBB, Judge.
This case requires interpretation of a defendant's right to speedy trial as measured by constitutional, as opposed to procedural, standards.
The defendant, Melvin Bonamy, was arrested on April 15, 1980, and charged with burglary of a dwelling. The case was originally *519 set for trial on August 13, 1980. On that day, the defense moved for a continuance on the ground that three of the state's witnesses had failed to appear for pre-trial depositions. It was not shown that these witnesses had been properly subpoenaed by the defense for such depositions. Even if they were, it is well settled that it is not the responsibility of the state to produce witnesses subpoenaed by the defense for discovery purposes. State v. Roig, 305 So.2d 836, 837 (Fla. 3d DCA 1974).
The trial court granted the defense motion for continuance without making any determination, as requested by the defense, that the continuance be charged against the state. As a matter of law, it was chargeable against the defense and, once granted, rendered inapplicable the 180-day limitation set forth in Florida Rule of Criminal Procedure 3.191(a)(1). Butterworth v. Fluellen, 389 So.2d 968 (Fla. 1980); State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971). Thereafter, the defendant was entitled to a speedy trial as evaluated by the standards set forth by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In Florida, of course, as pointed out in Fluellen, a defendant desiring a more expeditious trial date may affirmatively demand a speedy trial to be held within sixty days by filing a motion pursuant to Florida Rule of Criminal Procedure 3.191(a)(2).
The trial was then rescheduled some four or five times, at the request of the state, at brief intervals in October and November, 1980. On November 4, 1980, Bonamy filed a motion for discharge claiming violation of the 180-day speedy trial rule  which he had waived by his own motion the preceding August. This motion was never heard for reasons not clarified by this record. Finally, on March 24, 1981, Bonamy filed an additional motion to discharge, alleging a violation of his constitutional right to a speedy trial. This motion was granted by the trial court on April 27, 1981, and this is the order being appealed by the state.
The Sixth Amendment speedy trial clause does not become applicable until the defendant is either arrested or indicted. United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). In the case at hand, Bonamy was arrested on April 15, 1980, and his motion to discharge was granted on April 27, 1981. Therefore, we are dealing with a delay of approximately one year.
The dispositive case which controls the issue of constitutional speedy trial is Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In Barker, the United States Supreme Court set forth the four elements that are to be balanced against each other on a case-by-case basis in order to determine whether a defendant has been denied his Sixth Amendment speedy trial. These four elements are: (1) length of delay, (2) reason for delay, (3) whether the defendant asserted his right to be tried speedily, and (4) prejudice to the defendant caused by the delay.
The first element of Barker, the length of delay, is merely a threshold triggering mechanism. A court need not inquire into the other factors unless there has been a delay of such length as to be "presumptively prejudicial." United States v. Edwards, 577 F.2d 883 (5th Cir.1978). A delay of seven months between arraignment and trial is not presumptively prejudicial for speedy trial time. United States v. Rankin, 572 F.2d 503 (5th Cir.1978). A delay of one year is long enough to trigger this threshold presumption. United States v. Anderson, 621 F.2d 292 (8th Cir.1980). However, the length of delay itself is not enough to show that a defendant was deprived of a constitutional speedy trial. In Barker, the United States Supreme Court found that there had been no denial of speedy trial even though the delay had been "well over five years." In numerous other cases, delays ranging from one-and-a-half years to six years have been found not in violation of a defendant's constitutional speedy trial when viewed in light of the other elements. E.g., United States v. Hill, 622 F.2d 900 (5th Cir.1980); United States v. Saglimbene, 471 F.2d 16 (2d Cir.1972), cert. denied, 411 U.S. 966, *520 93 S.Ct. 2146, 36 L.Ed.2d 686 (1973).
The second element of Barker is the reason for the delay. There may be a variety of reasons for a delay. Good reasons include: (a) a complex case, (b) widely scattered witnesses, (c) absence of a witness, and (d) illness of a witness. Neutral reasons include overcrowded court dockets. Bad reasons include a deliberate delay by the state. Barker; United States v. Katz, 494 F. Supp. 1287 (M.D.Fla. 1980). In the case at hand, the reasons attributable to the state for delay were an overcrowded court docket and a conflicting trial schedule of the prosecutor.
The third element of Barker is whether the defendant asserted his right. It would be a rare case in which a defendant had been denied his constitutional speedy trial if the defendant never asserted his right to be speedily tried. Barker. There are many times when the defendant does not want to be tried. This is often the situation where a defendant wants to wait and see what the outcome is of the separate trial of one of his co-defendants on the belief that if his co-defendant is found innocent then he himself will probably never be tried. For example, see United States v. Tercero, 640 F.2d 190 (9th Cir.1980); Saglimbene. In the case at hand, Bonamy was not ready for his August trial date, but was ready for his October trial dates. In November he filed his motion for discharge, but he never filed a written demand for speedy trial under Rule 3.191(a)(2).
Finally, the fourth element of Barker is the prejudice to the defendant. Prejudice may first result from oppressive pre-trial incarceration which could result in the loss of the defendant's job, disrupt his family, and hinder him in the preparation of his defense. Second, a defendant may suffer anxiety and concern due to public scorn and the chilling effect that a pending trial may have on his freedom of association. Third, and most importantly, there is the possibility that the defense will be impaired due to fading memories and lost evidence. Barker. In the case at hand, the defendant was let out on bond so that there was no oppressive pre-trial incarceration. Nor did the defendant show a factual basis for any other prejudice. A defendant must do more than simply allege that memories fade or that evidence may be lost. He must come forth and show that some particular witness that would have been helpful to his case has actually forgotten the facts or that some particular witness that would have been helpful to his case has actually been lost. See United States v. McGrath, 622 F.2d 36 (2d Cir.1980).
In summary, Bonamy had a delay of about one year from the date of his arrest. Part of the early delay was due to Bonamy's motion for continuance. The latter delay was due to a crowded court docket and busy prosecutors with conflicting trial schedules. Bonamy never filed a demand for speedy trial, was not incarcerated during the delay, and he failed to show any prejudice to his case resulting from the trial delay.
In the majority opinion authored by Justice Powell in Barker, we find the following commentary:
We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution.
In the instant case, Bonamy relied upon only one of the four factors enumerated in Barker: the length of time between arrest and trial. If that factor, standing alone, is insufficient  and Barker clearly states that it is  then the trial court erred in ordering his discharge without consideration of the other factors and the balancing process required in Barker.
*521 Accordingly, the order of discharge is reversed and this cause remanded for trial.
DAUKSCH, C.J., and COWART, J., concur.