# STATE OF FLORIDA v WILLIAMS

## Case No. 87-029-AC (County Court Case No. 55941,ZNU)

Eleventh Judicial Circuit, Appellate Division, Dade County

February 26, 1988

### APPEARANCES OF COUNSEL

**Robert A. Butterworth,** Attorney General and **Ivy Ginsberg,** Assistant Attorney General, for appellant.

**Jonathan Blecher** for appellee.

Before ROBINSON, KORNBLUM, KAYE, JJ.

## OPINION OF THE COURT

R. P. KAYE

The State appealed from an Order of the lower court which discharged the defendant due to a violation of his Constitutional right to a speedy trial.

The defendant was arrested on August 22, 1986, charged with Driving Under the Influence and Failure to Keep Vehicle within a single lane.

On October 15, 1986, in a hearing before the court below, the defendant moved for an "excused" continuance because the taxicologist failed to appear for deposition by the defense and because another officer appeared for deposition but without documents requested in the Subpoena Duces Tecum.

Responding to defendant's motion regarding the failure of the toxicologist to appear for deposition, the Court told the defense to reschedule the deposition. When the State requested the continuance be charged as a "defense continuance", the Court initially said, "Yes"; and then in response to the State informing the Court that the State is not obligated to produce the State's witnesses, the Court told the State that *the Court* will exclude the witnesses' testimony, whereupon, the State was forced to ask for a continuance.

We feel this is in error. The State's position is correct. The State is not obligated to produce witnesses for the deposition by the defense. *State v. Rodriguez,* 483 So.2d 751 (Fla. 3d DCA 1986); *State v. Bonamy,* 409 So.2d 518 (Fla. 5th DCA 1982); *State v. Roig,* 305 So.2d 836 (Fla. 3d DCA 1974).

The continuance should have been charged to the defense, and forcing the State to ask for a continuance by summarily excluding the witnesses was error.

In addition to the above, on November 6, 1986, the defense again asked for a continuance because an officer failed to appear for deposition. The Court granted the continuance, and charged it to the State, not the defendant. Once again, not charging the continuance to the defense was error. Any request for a postponement, whatever called, constitutes a motion for a continuance, thereby waiving speedy trial rights, *Blackstock v. Newman,* 461 So.2d 1021 (Fla. 3d DCA 1985); *J.B. v. Korda,* 436 So.2d 1109 (Fla. 4th DCA 1983).

In addition, on November 19, 1986, the defense again asked the Court for an "excused" continuance because an officer failed to appear for deposition. Despite the State asking that the continuance be charged to the defense and bringing to the Court's attention *State v. Bonamy, supra;* the Court charged the continuance to the State. This was error.

It is well to note that the defense, by all indications, was in the throes of discovery. Otherwise, it would not have brought to the attention of the Court the fact that a witness failed to appear for deposition. Announcing to the Court, after the Court erroneously charged a continuance to the State, that the defense is now ready for trial, is game playing, which this Court will not countenance.

REVERSED AND REMANDED.