# STATE OF FLORIDA v SZARAS
## Case No. 87-107AC (County Court Case No. 87-2236MM)
Seventeenth Judicial Circuit, Broward County

January 19, 1989

### APPEARANCES OF COUNSEL

State Attorney's Office, for appellant.

**Peter J. Giacoma, Jr.,** for appellee.

Before PATTI ENGLANDER HENNING, Circuit Judge.

### OPINION OF THE COURT

The Appellant, the State of Florida, appeals the Trial Court's order discharging Appellee due to speedy trial violation. The State presents four issues on appeal, none of which are persuasive.

Appellee was arrested August 14, 1987, for Driving Under the Influence and Reckless Driving. The initial trial date was October 21,

1987, but since the arresting officer was on vacation, the State sought and was granted a continuance. The Court initially reset the case for November 2, 1987. However, upon being apprised that the officer would be on vacation until the 3rd or 4th, the trial date was changed to November 9, 1987.

Both sides present different views, in their briefs, as to whether the State promised to set up the deposition of the officer or just to do their best to make sure the officer was available. Unfortunately, the record is unclear on this point. On October 21, 1987, the State requested that the Appellee write a letter to the State regarding setting up a deposition. The letter was hand-delivered on November 5, 1987.

On November 9, 1987, the Appellee indicated to the Court that he was not ready for trial due to the State's failure to supply the officer. At that time, the Appellee asked for a continuance and requested that it be charged to the State, which the Court granted. Further, the Court reset the case to November 16, 1987, five days beyond the speedy trial deadline. Consequently, on November 16, 1987, Appellee moved for a Discharge and the Court granted it over the State's objection.

It is well settled that the State is not responsible for producing witnesses for discovery purposes. *See e.g., State v Roig,* 305 So.2d 836 (Fla. 3d DCA 1974); *State v Bonamy,* 409 So.2d 518 (Fla. 5th DCA 1982). Even so, as pointed out in the Appellee's brief very succinctly, "the record is clear that when the State offers to obtain a witness who cannot normally be subpoenaed, and the defense relies upon that offer and confirms it in writing, the State cannot change the rules on the date of trial and say that they were never under any obligation." (DB at p. 7). Moreover, since the State knew that the officer would not be available for a deposition and offered to help make him available during the speedy trial time frame, the State should have requested an extension pursuant to Fla.R.Crim.P. 3.191(d)(2). Finally, under the facts of this case the State is precluded from arguing that Speedy Trial has not run. See, Fla.R.Crim.P. 3.191(i)(2).

ACCORDINGLY, the decision of the Trial Court is affirmed.

DONE AND ORDERED this 19th day of January, 1989, Fort Lauderdale, Broward County, Florida.