367 So.2d 251 (1979)
STATE of Florida, Appellant,
v.
Oscoe NEWMAN, Appellee.
No. 77-2531.
District Court of Appeal of Florida, Fourth District.
January 31, 1979.
Rehearing Denied March 7, 1979.
*252 Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Marc E. Kirk, Asst. Public Defender, West Palm Beach, for appellee.
BERANEK, Judge.
The State appeals an order dismissing an Information wherein defendant was charged with possession of heroin and sale of heroin. The Information was dismissed on due process grounds based on a finding that a pre-arrest delay of five months prejudiced the defendant because of his inability to remember the events in question. We reverse.
A delay between the date of a crime and a defendant's eventual arrest therefor may constitute a due process violation under the 14th Amendment to the United States Constitution and Article I, Section IX, of the Florida Constitution. These principles were initially established in United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The test to be employed is one of balancing the reason for the delay against the prejudice to the defendant. State v. Griffin, 347 So.2d 692 (Fla. 1st DCA 1977). Three elements are to be considered: (1) Actual prejudice to the defendant, (2) length of delay, and (3) reason for the delay. United States v. Titus, 576 F.2d 210 (9th Cir.1978). Prejudice will not be presumed. Actual prejudice resulting from the delay is necessary. Furthermore, speculative allegations such as general allegations of loss of witnesses and failure of memories are insufficient to establish the requisite actual prejudice. United States v. Medina-Arellano, 569 F.2d 349 (5th Cir.1978).
Delays of a pre-arrest nature may be for any valid purpose. Delays based upon a desire to maintain the confidential status of an undercover police agent or delay based simply upon the uncertainty as to the validity or strength of the prosecution's case have been held valid. United States v. Revada, 574 F.2d 1047 (10th Cir.1978), and *253 State v. Freeman, 276 So.2d 546 (Fla. 4th DCA 1973).
In the instant case the delay of five months was due to the conscious desire on the part of the police authorities to preserve the confidentiality of an undercover police agent and another confidential informant so that these individuals could safely work on other drug cases in the same geographical area. There was no allegation, proof or suggestion that the delay was the result of any purposeful design to gain tactical advantage or to harass the defendant.
Although the trial court concluded that the defendant was prejudiced by the five-month delay herein, the only testimony actually supporting this finding was the brief statement of the defendant himself. We have reviewed this testimony and find it falls short of establishing the standard of actual prejudice necessary. This testimony was simply that the defendant was 66 years old and had difficulty remembering anything whether it was five months ago or five days ago. There was no showing of actual factual prejudice due to the delay. We stress again that a finding of actual prejudice is prerequisite to a finding of a due process violation. The United States Supreme Court in United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977), reiterated the necessity for proving actual prejudice. Here the evidence was not sufficient and the finding of actual prejudice is not supported. Therefore, no violation of due process was shown and the motion to dismiss should have been denied. The cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
DOWNEY, C.J., and DAUKSCH, J., concur.