428 So.2d 304 (1983)
Hector Anibal MARRERO, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1158.
District Court of Appeal of Florida, Second District.
March 9, 1983.
*305 Todd R. Stern and Paul Antinori, Jr., of Antinori & Thury, P.A., Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Hector Anibal Marrero appeals an order adjudicating him guilty of conspiring to traffic in cannabis and trafficking in cannabis and sentencing him to concurrent three-year terms of imprisonment. The sole issue on appeal is whether a thirteen-month pre-arrest delay deprived him of procedural due process of law and a fair trial.[1] We hold that it did not and therefore affirm.
Appellant was arrested on October 22, 1981, and charged by a two-count information on November 3, 1981, with 1) conspiring between September 11-28, 1980, to traffic in cannabis, in violation of section 777.04(3), Florida Statutes (1979), and 2) trafficking in cannabis on September 28, 1980, in violation of section 893.135(1)(a), Florida Statutes (1979). All of appellant's alleged co-conspirators had been arrested before him: two had been arrested on September 28, 1980, when the marijuana-laden plane in which they were flying arrived in Polk County from the country of Jamaica; another had been arrested on September 29, 1980; and two others had been arrested in May 1981.
Prior to trial, appellant filed an unsworn motion to dismiss the information, asserting that the thirteen-month pre-arrest delay had violated his right to due process of law. Thereafter, the trial court held an evidentiary hearing on the motion. The only person to testify was Stephen Maroney, a state narcotics agent who had had overall operational responsibility for investigation of the case from the case's inception in early September 1980.
At the conclusion of the hearing, the trial court denied appellant's motion to dismiss. It found that he had not presented any evidence of "specific prejudice"; that the state had acquired information indicating his alleged connection with the offenses almost immediately after September 28, 1980; that, between late September 1980 and late October 1981, the state had continued its investigation seeking additional evidence; and that the state's evidentiary search after January 1981 had been "essentially unproductive." In denying the motion, it held as *306 controlling the United States Supreme Court case of United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752, reh'g denied 434 U.S. 881, 98 S.Ct. 242, 54 L.Ed.2d 164 (1977), which involved a similar type of pre-accusatory delay.[2]
Appellant was subsequently tried by jury and found guilty of both counts of the information. His supplemental motion to dismiss or, in the alternative, for a new trial, was denied. Thereafter, he filed this appeal.
Generally speaking, a determination of whether a preaccusatory delay results in a due process violation entails a consideration of the actual prejudice suffered by the defendant,[3] the reasons asserted by the state for the delay, and the length of the delay. State v. Parent, 408 So.2d 612 (Fla. 2d DCA), pet. for rev. den. 418 So.2d 1280 (Fla. 1982); State v. Newman, 367 So.2d 251 (Fla. 4th DCA 1979). It is absolutely essential that the defendant show that he suffered actual prejudice as a result of the delay. See Lovasco; Parent; Howell v. State, 418 So.2d 1164 (Fla. 1st DCA 1982); Newman. If he does not prove actual prejudice, the due process inquiry ends. See Lovasco; Howell; Newman. However, if he does demonstrate actual prejudice, and the reasons presented by the state for the delay infringe "`fundamental conceptions of justice which lie at the base of our civil and political institutions,' ... and which define `the community's sense of fair play and decency' ...," Lovasco, 431 U.S. at 790, 97 S.Ct. at 2049,[4] a due process violation has occurred. See Lovasco. If the reasons asserted by the state for the delay do not transgress basic tenets of justice, and the defendant has shown actual prejudice, the reasons must be carefully balanced against the amount of actual prejudice in determining whether a due process violation has occurred. See Lovasco; Howell; Newman.
During the course of the due process inquiry, the length of the delay usually serves as a mere background factor; it aids the court both in evaluating the plausibility of the defendant's claims regarding the ways in which he has supposedly suffered actual prejudice and in appraising the credibility and necessity of the state's reasons for delaying accusation.[5]
*307 Appellant argues on appeal that, as a result of the thirteen-month delay, a reversal is necessary. He claims that he was prejudiced by the delay in several ways and that the state's reasons for the delay were unjustified.
Appellant's initial contention regarding alleged prejudice stems from the absence at trial of several persons who participated in a September 11, 1980, conspiracy meeting. The meeting took place in an office room under appellant's control located above his Miami Beach sporting goods store. It was attended by one Tom Stephenson, a government informant, Luiz Hernandez, one of appellant's co-conspirators, and approximately eight or nine Cuban males. Appellant testified that he had granted Hermandez, whom he characterized as a good friend, permission to use the room for a purpose unknown to him. He stated that he walked into the room while the meeting was in progress but left after deducing that the participants were discussing plans to smuggle marijuana into Florida. Stephenson, however, testified in detail that appellant was a willing and active participant.
Appellant argues that, due to the long delay, he could not recall the identities of the Cubans so as to be able to summon them as defense witnesses to refute Stephenson's damaging testimony. But a reading of Stephenson's pertinent testimony, as well as that of appellant, demonstrates that neither Stephenson nor appellant ever knew the identities of the Cubans. Thus, appellant did not have any identities to recall. Regardless, in order to demonstrate a due process violation with respect to "missing" witnesses, an accused must offer some explanation as to how their testimony would have been both favorable and material. United States v. Valenzuela-Bernal, ___ U.S. ___, ___, 102 S.Ct. 3440, 3449, 73 L.Ed.2d 1193 (1982). Appellant did not tender such an explanation below.
Next, appellant raises a couple of arguments about supposed prejudice concerning the state's introduction at trial of certain long distance telephone toll records, the vast majority of which were station-to-station. These records revealed that numerous calls were placed during and shortly after the conspiracy period to and from either appellant's sporting goods store or his residence from and to locations of other co-conspirators.
Appellant suggests that, due to the long delay, he could not remember the exact nature of any particular call on any particular date, or who may have participated in such call. However, he forcefully testified at trial that co-conspirator Hernandez received and placed the vast majority of these calls to and from his store and his home. Thus, it is hardly surprising that he could not recall the substance of these calls. In any event, given the sheer volume of calls, it cannot be reasonably expected that he would have remembered the exact nature of each and every call under even the shortest of delays.
Appellant, noting that the records listing the names of the individuals who made the person-to-person calls were destroyed by the telephone company prior to trial, asserts next that he cannot independently recall the identity of the parties participating in these conversations so as to show that he did not participate in such calls. But a telephone company employee testified that the names of the individuals who placed these person-to-person calls were destroyed after a 30-day period. Hence, appellant suffered no more prejudice than he would have suffered if the state had delayed his arrest for only 31 days.
Lastly, appellant points to a contradiction between the trial testimony and deposition testimony of a state witness, Ginger Hogg, as evidence of alleged prejudice. Ginger Hogg, wife of co-conspirator *308 George Hogg, who piloted the plane from Jamaica to Florida on September 28, 1980, testified at trial on direct examination that she first spoke with appellant via a long distance phone call on September 27, 1980. She called him to request that he send her money which he had supposedly promised her husband for helping smuggle the cannabis into Florida. On cross-examination, appellant's trial attorney impeached her by reminding her that she had testified no less than three times in a pretrial deposition that it was not until after the plane landed on September 28, 1980, that she first spoke with appellant on the phone. On redirect examination, she adhered to her testimony on direct examination, explaining that her memory had been refreshed prior to trial by a review of the telephone records. For his part, appellant testified that he did not speak with her prior to September 28, 1980. However, he admitted sending her $200 after her husband's arrest on September 28, 1980, ostensibly because he felt sorry for her since her husband was in jail.
Appellant contends that Ginger Hogg's surprise testimony was damaging since it tended to show that he was an active participant in the on-going conspiracy. However, whatever slight prejudice may have resulted from her surprise testimony is harmless in light of the abundant evidence and testimony of other witnesses which showed that appellant was an active participant in the on-going conspiracy.
In sum, we believe that appellant suffered, at most, only slight prejudice at trial due to the thirteen-month pre-arrest delay. Nevertheless, since he demonstrated some prejudice, it is necessary to examine the reasons for the delay.
Contrary to appellant's contention, a review of the pretrial hearing transcript reveals that the state showed that it did not delay his arrest solely in order to gather information about his possible involvement in nonrelated crimes. The evidence adduced at the hearing demonstrates that during the pre-arrest period the state also sought additional information concerning his involvement in the case at hand. The fact that this continuing investigation did not prove fruitful after January 1981 is immaterial. See Lovasco. There is no suggestion that the state postponed the arrest for reasons which violated fundamental conceptions of justice.
We conclude that the slight prejudice which appellant may have suffered was counterbalanced by the state's need to continue to conduct an investigation into appellant's involvement in the offenses in question.
We thus hold, as did the trial court in denying the pretrial motion to dismiss, that the following language of the Lovasco holding is applicable in this case:
[T]o prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time.
Lovasco, 431 U.S. at 796, 97 S.Ct. at 2051.
Accordingly, we affirm appellant's conviction and sentence.
AFFIRMED.
DANAHY and SCHOONOVER, JJ., concur.
NOTES
[1] It is settled that the due process constitutional guarantee, not the speedy trial constitutional guarantee, is involved in resolving the question of the propriety of a preaccusatory delay. See United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The speedy trial constitutional guarantee does not come into play until the defendant is "accused" by either an arrest or a formal charging instrument. Id.
[2] In United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752, reh'g denied 434 U.S. 881, 98 S.Ct. 242, 54 L.Ed.2d 164 (1977), the defendant was not accused of committing the offenses in question until an indictment was filed more than 18 months after the commission of the crimes. The defendant testified at a hearing that he had been prejudiced by the delay because of the death during the interim of two purported material witnesses. The prosecution showed that an investigative report about the crimes had been completed within the first month of the commission of the crimes and stipulated that little additional information concerning the crimes had been gathered during the investigation in the 17 months after the completion of the report. The Court decided against the defendant's due process claim, holding that "to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." 431 U.S. at 796, 97 S.Ct. at 2051.
[3] As stated by our sister court in Howell v. State, 418 So.2d 1164, 1167-68, n. 1 (Fla. 1st DCA 1982): "Actual prejudice always includes material impairment of the defendant's capacity to prepare a defense and in some cases may encompass personal prejudice as distinguished from prejudice to the defense."
[4] Examples of unjustified reasons for delay include where the prosecuting authority 1) delays accusation for strategic purposes, i.e., a "tactical" delay, see United States v. Marion, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468, 481 (1971); Lovasco, 431 U.S. at 795, n. 17, 97 S.Ct. at 2051, n. 17; 2) delays accusation in reckless disregard of circumstances, known to it, which suggest that there is a great possibility that the delay may impair the defendant's ability to mount an adequate defense, id.; or 3) delays accusation in order to harass the defendant.
[5] In State v. Parent, 408 So.2d 612 (Fla. 2d DCA 1982), we cited to State v. Griffin, 347 So.2d 692 (Fla. 1st DCA 1977), cert. denied, 358 So.2d 134 (Fla. 1978), for the proposition that the due process inquiry requires a consideration of the length of the delay as well as the actual prejudice suffered by the defendant and the reasons asserted by the state for the delay. See also Newman. In Howell, however, our sister court clarified its Griffin holding by rejecting the notion that Griffin suggested that the length of the delay is a factor to be considered.

To be sure, "delay, by itself, is only evidence of possible prejudice, not actual prejudice." Arnold v. McCarthy, 566 F.2d 1377, 1383-84, n. 1 (9th Cir.1978). Further, the lapse of time is governed solely by the applicable statute of limitation. Nevertheless, for the reasons stated in the body of our opinion, we believe that the length of the delay is a factor, albeit a tangential one, which should not be divorced from the due process inquiry.