462 So.2d 120 (1985)
James W. HALLMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-684.
District Court of Appeal of Florida, Second District.
January 18, 1985.
*121 John L. Riley, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Chief Judge.
James W. Hallman appeals a trial court order which denied his motion to dismiss and an order which withheld adjudication of guilt and placed him on probation. We reverse.
On February 5, 1981, the state filed an information charging that appellant committed grand theft on June 23, 1980. A capias was issued on that same date. The capias was served on appellant on September 8, 1983, over two years and seven months after the date of its issuance.
In a motion to dismiss, appellant alleged that he had continuously lived at the address which was listed on the complaint and the capias, and that he had been available for trial. Appellant also alleged that the delay in his arrest and pending trial had resulted in great prejudice to him because his memory had dimmed and a material witness had since died. After a February 22, 1984 hearing, the trial court denied the motion to dismiss on the ground that appellant had not made a showing of actual prejudice. Appellant then entered a plea of nolo contendere and reserved the right to appeal the speedy trial issue.
The constitutional right to a speedy trial attaches upon the filing of an information. Howell v. State, 418 So.2d 1164, 1167 (Fla. 1st DCA 1982). There are four factors to consider as a guide when determining whether a constitutional speedy trial violation has occurred: (1) whether the length of the delay is presumptively prejudicial; (2) the reason for the delay; (3) whether the appellant has timely asserted his rights, and (4) whether actual prejudice has resulted from the delay. State v. Roundtree, 438 So.2d 68, 70 (Fla. 2d DCA 1983), petition for review denied, 447 So.2d 888 (Fla. 1984); Howell, 418 So.2d at 1171.
In Howell, our sister court found that a fourteen and one-half month delay from the time of the filing of the information until the hearing on the motion to dismiss was presumptively prejudicial. 418 So.2d at 1171. Likewise, this court has found that a twenty-three month delay between the filing of the information and the hearing on the motion to dismiss to be presumptively prejudicial. Roundtree, 438 So.2d at 71. The delay of over two and one-half years between the filing of the information and Hallman's arrest, and the more than three year delay between the filing of the information and the hearing on Hallman's motion to dismiss was presumptively prejudicial.
*122 In Hallman's case, the delay was due to the negligent lack of diligence by the state. Although the state alleged that a deputy had made one or more visits to Hallman's residence and left a card requesting that Hallman contact the deputy, this cannot be considered to be a valid attempt to serve the capias, especially because Hallman lived at the same address during the entire three-year period. Hallman asserted his right to a speedy trial by filing his motion to dismiss.
In this case, Hallman's defense was actually prejudiced because a material witness who had investigated the alleged grand theft had died, and because Hallman's memory had dimmed regarding the material facts of the alleged grand theft.
Under the limited facts of this case, we hold that the lengthy negligent delay by the state did result in actual prejudice which impaired appellant's ability to prepare his defense. The order denying appellant's motion to dismiss is reversed and the order placing him on probation vacated.
GRIMES, J., and LOGAN, PAUL E., Associate Judge, concur.