468 So.2d 510 (1985)
David L. KING, Appellant,
v.
STATE of Florida, Appellee.
No. AY-215.
District Court of Appeal of Florida, First District.
May 13, 1985.
*511 Michael E. Allen, Public Defender, Terry P. Lewis, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Gregory G. Costas, Asst. Atty. Gen., for appellee.
MILLS, Judge.
King appeals from a judgment adjudicating him guilty of attempted second degree murder contending the trial court erred in denying his motions for discharge, motion in limine and motion for mistrial. We affirm.
King was an inmate at Union Correctional Institution when he was involved in the stabbing of a fellow inmate. In a statement given after being informed of his Miranda rights, King acknowledged committing the offense but stated it was done in self-defense. He was placed in administrative confinement on the date of the occurrence, 30 December 1982. An information charging him with attempted first degree murder and possession of a weapon was filed 4 August 1983, and an arrest warrant was issued on 20 October 1983, ten and one-half months after the incident.
Prior to his 22 March 1984 trial, King, through counsel, filed a motion for discharge pursuant to Rule 3.191(a)(1), Florida Rules of Criminal Procedure (speedy trial). He also alleged that unnecessary delay had deprived him of his United States constitutional rights to due process and speedy trial. The motion was denied. It was renewed before trial alleging that King had suffered prejudice by the delay because certain impeachment witnesses had been rendered unavailable. The motion was again denied, as was a motion in limine seeking to bar the testimony to which the impeachment testimony would have been directed.
Trial proceeded, during which a witness not called by the defense was erroneously brought to the stand by the bailiff. This witness had apparent eyewitness knowledge of the incident. Defense counsel requested his removal in favor of the witness actually called. He moved for mistrial, alleging unfavorable jury speculation as to why the rejected witness was not testifying. This motion was also denied.
The trial court was correct in denying King's motion for discharge based on Rule 3.191(a)(1), Fla.R.Crim.P. He first alleges that his "arrest" within Rule 3.191(a)(4) occurred when he was given his Miranda rights and interrogated. That definition has been rejected. State v. Miller, 437 So.2d 734 (Fla. 1st DCA 1983). He next contends that his placement in administrative confinement constituted an "arrest." This court has consistently refused to adopt this argument. See Height v. State, 459 So.2d 470 (Fla. 1st DCA 1984). Therefore, because King was brought to trial within 180 days of his formal arrest on 20 October 1983, there has been no violation of the speedy trial rule.
We also find that none of King's United States constitutional rights have been violated. The decisions have emphasized the requirement that prejudice be shown when claiming a Fifth Amendment due process violation. "Prejudice to the accused is the most important factor in evaluating the question of due process deprivation. No matter how long the delay ... unless the accused can demonstrate that he has been prejudiced thereby, the delay, per se, will not justify dismissal." State v. Griffin, 347 So.2d 692, 695 (Fla. *512 1st DCA 1977). "Further, the accused bears the burden of proving the prejudice and, if the threshold requirement of proof of actual prejudice is not met, the inquiry ends there." Howell v. State, 418 So.2d 1164, 1170 (Fla. 1st DCA 1982), citing U.S. v. Townley, 665 F.2d 579 (5th Cir.1982). King made no showing of actual prejudice so as to meet this requirement. Two other impeachment witnesses testified in direct contradiction of the adverse testimony. King does not assert now, nor did he at the time of the motions, that the missing witnesses would have differently or more convincingly provided such contradiction.
Determination of a violation of the Sixth Amendment right to a speedy trial is made by considering: 1) the length of delay, which can give rise to presumptive prejudice; 2) the reason for delay; 3) whether the defendant timely asserted his rights; and 4) the existence of actual prejudice. Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). Howell held that the starting point for this analysis is the length of the delay. "A court need not inquire into the other factors unless there has been a delay of such length as to be `presumptively prejudicial.'" Howell at 1171 citing State v. Bonamy, 409 So.2d 518, 519 (Fla. 5th DCA 1982.)
Computation of the length of delay begins from arrest, indictment or information, whichever comes first. Vela v. State, 450 So.2d 305 (Fla. 5th DCA 1984). King argues that he was arrested upon questioning and placement in administrative confinement on 30 December 1982. Do these events equal arrest under the Sixth Amendment? The federal courts say no. See U.S. v. Duke, 527 F.2d 386 (5th Cir.1976); U.S. v. Mills, 704 F.2d 1553 (11th Cir.1983); U.S. v. Reme, 738 F.2d 1156 (11th Cir.1984). Therefore, we must compute the delay from the filing of the information, Vela, until the trial on 22 March 1984, a time lapse of seven and one-half months. A delay of nine months has been held to meet constitutional speedy trial standards. Ferris v. State, 428 So.2d 743 (Fla. 1st DCA 1983). Therefore, no presumptive prejudice exists.
However, the Howell court indicated that a showing of actual prejudice might also trigger the full Barker analysis. Howell at 1171, n. 5. As we have already discussed, no such prejudice was shown here. The Sixth Amendment claim must fail.
The trial court correctly denied the motion in limine, which is generally used to prevent the introduction of improper evidence, the mere mention of which at trial would be prejudicial. Dailey v. Multicon Development, Inc., 417 So.2d 1106 (Fla. 4th DCA 1982). In light of the availability of impeachment witnesses, acknowledged below at the hearing on the motion, we cannot say the testimony complained of meets this standard.
The trial court did not abuse its wide discretion in denying the motion for mistrial. See Salvatore v. State, 366 So.2d 745 (Fla. 1978), cert. den. 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115, reh. den. 444 U.S. 975, 100 S.Ct. 474, 62 L.Ed.2d 393 (1979).
AFFIRMED.
NIMMONS, J., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.