738 So.2d 984 (1999)
Michael SEYMOUR, Appellant,
v.
STATE of Florida, Appellee.
No. 98-03919.
District Court of Appeal of Florida, Second District.
July 9, 1999.
Gerald A. Perez, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Michael Seymour appeals the trial court's order denying his motion to dismiss based on a violation of his constitutional right to a speedy trial.[1] After the trial court denied him dismissal, he pleaded no contest, reserving his right to appeal the speedy trial issue. We reverse.
*985 Mr. Seymour allegedly committed two crimes of grand theft, one of an auto and the other of a microwave oven and a video cassette recorder, on August 3, 1994. On August 9, 1994, a warrant was issued for his arrest and on September 20, 1994, the State Attorney filed an information charging him with these crimes. On June 3, 1998, Mr. Seymour was arrested on unrelated charges. On August 11, 1998, Mr. Seymour filed his motion to dismiss based on the apparent violation of his right to a speedy trial.[2] On August 25, 1998, a hearing was held on the motion to dismiss.
At the hearing on the motion to dismiss, defense counsel argued that Mr. Seymour was severely prejudiced in preparing his defense because an essential exculpatory witness for the defense had died since the alleged offenses took place. Specifically, defense counsel claimed that the son of the owner of the stolen auto had given Mr. Seymour permission to use it. There were no witnesses called at this hearing but when the trial court asked for some facts, defense counsel told the trial court that Mr. Seymour had been living in the Tampa Bay area the entire time, moving once to Clearwater but relocating back to Tampa, that he had his electricity as well as his phone in his name, and that law enforcement had never tried to serve any warrant on him. Upon the trial court's inquiry, the prosecutor admitted that the victim had recovered the auto, microwave oven, and VCR. The trial court asked the prosecutor whether the State was able to confirm that the witness was deceased, to which the prosecutor responded that the State had no knowledge. The trial court denied the motion to dismiss, after which Mr. Seymour accepted the State's offer of 2 years' probation, reserved his rights, and appealed the resulting convictions and sentence.
The constitutional right to a speedy trial attaches upon arrest, filing of an indictment or an information, or other official accusation. See United States v. MacDonald, 456 U.S. 1, 6, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982). Determining whether a violation of the constitutional right to speedy trial has occurred includes consideration of federal case law, especially Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which identifies four guiding factors. See State v. Roundtree, 438 So.2d 68 (Fla. 2d DCA 1983); Howell v. State, 418 So.2d 1164 (Fla. 1st DCA 1982). These four factors are (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant has timely asserted his rights; and (4) the existence of actual prejudice as a result of the delay. No single factor is either necessary or determinative, but a balancing of the four factors must be done to reach a just conclusion. See Howell, 418 So.2d at 1171, 1174; Roundtree, 438 So.2d at 70. Our balancing of these four factors has resulted in a conclusion that Mr. Seymour's constitutional right to a speedy trial has been violated.
As to factor (1), Mr. Seymour experienced an approximate 44-month delay between the filing of the charges against him and his arrest; 46 months passed before he received the court's attention to his plight. This length of delay is presumptively prejudicial, especially in light of other cases that have examined this factor and found lesser delays also presumptively prejudicial. See Roundtree (21½ months); State v. Union, 469 So.2d 840 (Fla. 2d DCA 1985) (15 months); Hallman v. State, 462 So.2d 120 (Fla. 2d DCA 1985) (31 months); State v. Joyner, 460 So.2d 584 (Fla. 5th DCA 1984) (20 months).
As to factor (2), the State did not dispute at the hearing that it had never tried to execute the outstanding arrest warrant on Mr. Seymour, even though he was living in the Tampa Bay area at all relevant times and could have been tracked down by routine measures. Neither did the State try to justify its delay. See Howell, *986 418 So.2d at 1171-73 (outlining three categories of delay by the state: deliberate, negligent, and justified). The record allows us to conclude that the State negligently, at least, delayed this case.
As to factor (3), Mr. Seymour asserted his right to speedy trial by moving for discharge 69 days after his arrest. On balance, we find this relatively timely, given that he had to secure counsel and proceed with investigation of a rather stale case. Cf. Howell (84 days between arrest and motion to dismiss found timely).
As to the fourth and final factor, actual prejudice, Howell states "that when the first three ... factors are heavily weighed in favor of the accused, the necessity for a demonstration of actual prejudice is not required." Id. at 1174. Nevertheless, we find that although the record does not indicate when Mr. Seymour's essential exculpating witness died, the fact of that witness's death has left Mr. Seymour's defense in tatters, with probably no hope of recovery. If we assume these facts to be trueand the record before us has no contradictory evidenceMr. Seymour has shown actual prejudice. See The Florida Bar v. Corbin, 701 So.2d 334 (Fla.1997) (holding that judges rely on attorneys' representations as officers of the court that they have investigated the case; attorneys' responsibilities go beyond mere advocacy for their clients; as officers of the court they have a responsibility to represent the evidence fully and truthfully).
As in Hallman, which also had similar and limited facts, we hold that the order denying the motion to dismiss be reversed and the trial court's order placing him on probation be vacated.
WHATLEY, A.C.J., and NORTHCUTT and CASANUEVA, JJ., Concur.
NOTES
[1] U.S.C.A. Const.Amends. VI and XIV; Fla. Const. Art. I, § 16.
[2] Mr. Seymour's trial counsel also filed a motion to dismiss based on a violation of the statute of limitations, which the trial court denied. Mr. Seymour's appellate counsel properly concedes that there is no merit to that issue.